UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenny Sowell, #267064 | ) | C/A No.: 5:13-cv-02797-DCN-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Kenny Sowell ("Petitioner") is a state prisoner who filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 28, 29. On June 20, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 30. Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment on July 2, 2014. ECF No. 33. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 29, be granted.

I.     Background

Petitioner is currently incarcerated in the Lee Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In April 2008, Petitioner was indicted by a Chesterfield County Grand Jury for first degree criminal sexual conduct ("CSC") with a minor

(2008-GS-13-0341), and lewd act upon a child (2008-GS-13-0342). App 104-05; 109-10.[1] On June 23, 2008, Petitioner pleaded guilty to both charges before the Honorable James E. Lockemy. App. 1-27. During his plea, Patricia C. Rivers represented Petitioner, and Assistant Solicitor Mary Thomas Johnson appeared on behalf of the State. App. 1-12. Petitioner was sentenced to concurrent terms of 60 years for first degree CSC with a minor and 15 years for lewd act upon a child. App. 27-28.

II.     Procedural History

Tonya Copeland Little filed an appeal on Petitioner's behalf.[2] ECF No. 28-1. Attorney Little wrote the South Carolina Court of Appeals on November 14, 2008, and indicated that she knew of "no issue which can be reviewed on appeal." *Id.* Thereafter, on December 23, 2008, the Court of Appeals dismissed the appeal because Petitioner "failed to show how any issue was preserved for [appellate] review." App. 28-2. On January 27, 2009, the South Carolina Court of Appeals issued a Remittitur. ECF No. 28-4.

On April 17, 2009, Petitioner filed an Application for Post-Conviction Relief ("PCR") alleging ineffective assistance of counsel, and stating "I am innocent of the charge; I did not commit the crime." App. 30-34. On June 25, 2009, the State filed a Return and requested an evidentiary hearing only on Petitioner's ineffective assistance of counsel claim. App. 36-39. An evidentiary hearing was conducted before the Honorable Paul M. Burch on June 16, 2010. App. 41. Petitioner was present and represented by C. Anthony Harris, Esq., and Assistant Attorney General Karen C. Ratigan represented the State. *Id.* Petitioner, his plea attorney Patricia Rivers,

---

[1] Citations to "App." refer to the Appendix for Petitioner's plea transcript and Post-Conviction Relief Proceeding documents. That appendix is available at ECF Nos. 28-13 in this habeas matter.
[2] The Notice of Appeal is not part of the Record.

Tonya Copeland Little, and Chief Public Defender Michael Stephens testified at the hearing. App. 42-91.

In an Order filed October 18, 2010, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and had heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.
>
> Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003):
>
> **Ineffective Assistance of Counsel**
> The Applicant alleges he received ineffective assistance of counse1. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).
>
> For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). When there has been a guilty plea, the applicant must prove that counsel's representation was below the standard of reasonableness and that, but for counsel's unprofessional errors, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985); Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2001).
>
> The Applicant stated he only met with plea counsel once before the day of the plea hearing. The Applicant stated they did not discuss the State's evidence against him. The Applicant stated plea counsel told him that she would try and get a recommendation for a twenty-five (25) year sentence. The Applicant stated he was first made aware of the sixty (60) year sentence at the plea hearing. The Applicant stated on cross-examination, however, that he still expected to receive a twenty-five (25) year sentence and could not recall why he did not mention this to the plea judge. The Applicant also admitted he told the plea judge he was satisfied with plea counsel's representation.

Patricia C. Rivers, Esquire testified she had previously represented the Applicant on another charge and that he was a cooperative client. Counsel testified she filed discovery motions and reviewed the State's evidence with the Applicant. Counsel testified she and the Applicant had several meetings and that the Applicant always admitted his guilt. Counsel testified the State did not make any kind of a plea offer before the plea day. Counsel testified there were never any plans, however, to take this case to trial. Counsel specifically stated there was never an offer for a twenty-five (25) year sentence. Counsel stated she was not involved in the discussions with the State about the sixty (60) year negotiated sentence.[2]

Regarding the Applicant's claims of ineffective assistance of counsel; this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in her representation.

This Court finds the Applicant failed to meet his burden of proving plea Counsel was ineffective. While this Court acknowledges the testimony at the PCR hearing revealed some discrepancies in how the negotiated sentence was arrived at, the fact remains that the Applicant entered a free and voluntary guilty plea to the charges. See Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S. Ct. 1709, 1712 (1969) (holding that, to find a guilty plea is voluntarily and knowingly entered into, the record must establish the applicant had a full understanding of the consequences of his plea and the charges against him). This is supported by the plea record. The Applicant admitted to the plea judge that he was guilty. (Plea transcript, p.10). The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, pp.8-10; p.12; p.13).

This Court notes the terms of the negotiated sentence[3] were announced at the plea hearing and neither the Applicant nor plea counsel objected. (Plea transcript, p.4; p.12). The plea judge explained that the negotiated sentence meant that, if he accepted it, the Applicant would receive a sixty (60) year sentence. The Applicant stated he understood. (Plea transcript, p.12). This Court finds the terms of the negotiated sentence and the advantages and disadvantages of such - were fully explained to the Applicant by plea counsel. This Court finds plea counsel adequately discharged her duties in this regard. This Court finds that, based upon

---

[2] This Court notes Tonya Copeland-Little, Esquire also testified at the PCR hearing. Copeland-Little was an assistant public defender at the time of the Applicant's guilty plea and assisted plea counsel on this case. Copeland-Little corroborated plea counsel's testimony that the sixty (60) year negotiated sentence was first presented to the Applicant on the day of the plea hearing. Copeland-Little further corroborated plea counsel's testimony that she explained the nature of a negotiated sentence to the Applicant and he wanted to plead guilty instead of going to trial.

[3] The sixty (60) year negotiated sentence was for first-degree CSC with a minor. There was no sentence recommendation or negotiation for the lewd act charge. (Plea transcript, p.4).

> his discussions with plea counsel, the Applicant made a knowing and intelligent decision to go forward with the plea hearing rather than proceeding with a jury trial on the charges.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test - that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in her representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland - that he was prejudiced by plea counsel's performance.
>
> This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.
>
> **All Other Allegations**
> As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, this Court finds the Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds the Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.
>
> **CONCLUSION**
> Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before or during his guilty plea and sentencing proceedings. Counsel was not deficient in any manner, nor was the Applicant prejudiced by counsel's representation. Therefore, this application for PCR must be denied and dismissed with prejudice.
>
> This Court advises the Applicant that he must file a notice of intent to appeal within thirty (30) days from the receipt of this Order if he wants to secure appropriate appellate review. His attention is also directed to Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal has been timely filed.

App. 96-101. Petitioner, represented by Lanelle Cantey Durant, filed a Petition for Writ of Certiorari, dated May 31, 2011. ECF No. 28-5. The sole issue presented, quoted verbatim, was: "Did the PCR court err in failing to find plea counsel ineffective for not insuring that petitioner's guilty plea was knowingly, voluntarily, and intelligently entered into?" *Id.* at 3. The State filed a Return to the Petition for Writ of Certiorari on October 14, 2011. ECF No. 28-6. The matter was

transferred to the South Carolina Court of Appeals, and on September 9, 2013, the court denied the Petition for Certiorari. ECF No. 28-11. The Remittitur was issued on September 25, 2013. ECF No. 28-12. This habeas Petition followed on October 15, 2013. ECF No. 1.

III. Discussion

A. Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus and stated verbatim:

> GROUND ONE: Ineffective Assistance of Counsel
> Supporting Facts: Ms. Rivers testimony was conflicting with Mr. Stephens testimony. Ms. Rivers should have told them about offering me 25 years which she did not. I did not know about the sixty years until that Monday on June 23, 2008. *Id.* at 5.
>
> GROUND TWO: Appeal
> Supporting Facts: The specific facts is that Ms. Rivers failed in that she did not argue that she wanted to get me 25 years. *Id.* at 6.
>
> GROUND THREE: PCR
> Supporting Facts: The case was continued because the public defender was not there. And prior to that Mr. Harris did not have the file. *Id.* at 8.
>
> GROUND FOUR: It was a guilty plea
> Supporting Facts: I met with Ms. Rivers on Friday and I didn't know about 60 years until Monday when I stood before the Judge. She told me that she was going to try to get me 25 years. *Id.* at 10.

Additionally, Petitioner attached additional supporting documents to his Petition. ECF No. 11. There, he maintains he never had an appeal, was held in custody when Miranda rights were not read to him at his arrest, was not informed of the nature and charges against him in order to prepare a defense, and the court found it was proper to allow the prosecutor to comment on his failure to produce witnesses ("Ground Five"). *Id.*

B. Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 323 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

C.      Habeas Corpus Standard of Review

1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 397-98 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. 28 U.S.C. § 2254(a)-(b). The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for

8

relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

      a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)   (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A)   the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)   (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)   An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by section 17-27-80 of the South Carolina Code, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

      b.  Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue

before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his

11

opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *Matthews*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### D. Analysis

#### 1. Procedurally-Barred Grounds

Respondent does not contend that any ground in Petitioner's habeas Petition, ECF No. 1, is procedurally barred. Respondent maintains, however, that some of the arguments Petitioner raised in Ground Five, as contained in the supporting documents he attached to his Petition, are

procedurally barred from review because Petitioner did not raise them in his PCR action. ECF No. 28 at 21.

The undersigned has reviewed Petitioner's PCR application and the transcript of the PCR hearing and observes that the arguments Petitioner raises in Ground Five were not raised in Petitioner's application, *see* App. 30-35, nor were they presented to the PCR court during the PCR hearing, s*ee* App. 41-91. The undersigned has also reviewed the PCR court's Order of Dismissal and finds that Petitioner's Ground Five claims were not ruled on by the PCR court. App. 95-101 (where the PCR court addressed Plaintiff's allegation of "ineffective assistance of counsel" and found Petitioner "failed to present any evidence regarding" issues raised in Petitioner's PCR application or at the PCR hearing that the PCR court failed to address). Therefore, Ground Five issues, or the purported issues contained in Petitioner's supporting documents, ECF No. 11, are procedurally barred from federal habeas review. *See Plyler v. State*, 424 S.E.2d 477, 478 (S.C. 1992) (holding that an issue that was neither raised at the PCR hearing nor ruled upon by the PCR court is procedurally barred). Accordingly, Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the grounds delineated in the supporting documents to his habeas Petition. *See* ECF No. 11.

Petitioner may, nonetheless, overcome procedural defaults and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review. *See Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996). The existence of cause ordinarily turns upon a showing of: 1) a denial of effective assistance of counsel, 2) a factor external to the defense which impeded compliance with the state procedural rule, or 3) the novelty of the claim. *Murray*, 477 U.S. at 488. Having reviewed the record evidence and the parties' legal memoranda, the

undersigned finds that Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claims. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir.), cert. denied, 519 U.S. 1016 (1996) (finding in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court.").

In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* Petitioner pleaded guilty to criminal sexual conduct with a minor. App. 10. Petitioner admitted his guilt and made no challenges to the statement he made to police. App. 16-18. The minor victim and the victim's mother were present at the plea hearing and prepared to testify. App. 22-24. Before the judge entered his sentence, Petitioner stated to the court "I'm sorry for what I did." App. 25. He also apologized to the victim's mother. *Id.* In light of the foregoing, Petitioner cannot show actual innocence.

The court's review of the record does not support a showing of any cause and prejudice or actual innocence to excuse the default. Thus, his claims are procedurally barred from

consideration by this court and should be dismissed. The undersigned therefore recommends that the Respondent's Motion for Summary Judgment be granted as to Ground Five.[2]

2. Ineffective Assistance of Counsel (Grounds One and Four)[3]

Petitioner contends that he was denied effective assistance of counsel because his plea counsel told Plaintiff she would try to get him 25 years, but Petitioner received a sentence of 60 years for his plea. ECF No. 1 at 5; 10. Moreover, Petitioner maintains he did not know he faced 60 years' imprisonment until June 23, 2008, the day of his plea. *Id.* Respondent moves for summary judgment and argues that Petitioner failed to meet his burden of proving ineffective assistance of counsel, and the PCR court reasonably applied Supreme Court precedent. ECF No. 28 at 9-18.

In response to this argument, Petitioner maintains he pleaded guilty because he did not know anything about the law. ECF No. 33 at 1. Petitioner argues that he wanted to go to trial, but his lawyer did not—that he met with trial counsel only once and she told him she was going to try and get him 25 years' imprisonment. *Id.* at 1-2. He further contends that he would not have pleaded guilty had he known he faced 60 years' imprisonment. *Id.* at 3.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient

---

[2] The Fourth Circuit has stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Accordingly, the undersigned will not discuss the merits of Ground Five. However, the undersigned will address the merits of a purported appeals argument that Petitioner makes in Ground Five because Petitioner labeled Ground Two "Appeal." *See* Section D.5 below.

[3] Petitioner essentially makes the same arguments in Grounds One and Four, and both grounds concern Ineffective Assistance of Counsel. Therefore, the undersigned addresses them both in subsection 2.

15

performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, ineffective assistance of counsel claims may be asserted in limited circumstances. In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In rejecting Petitioner's application for post-conviction relief on this ground, the PCR Court noted Petitioner's allegations including his assertion that he was first made aware of the 60-year sentence at the plea hearing. App. 97. However, the PCR court found that Petitioner, on cross-examination, testified that he still expected to receive a 25-year sentence and could not recall why he did not mention this to the plea judge. *Id.* Additionally, the PCR court found that Petitioner told the plea judge he was satisfied with plea counsel's representation. *Id.*

The PCR court found that Attorney Patricia C. Rivers, Petitioner's plea counsel, testified that she filed discovery motions and reviewed the State's evidence with the Applicant. *Id.* at 97-98. In the PCR hearing, plea counsel also testified she and Petitioner had several meetings and that he always admitted his guilt. *Id.* at 98. Furthermore, plea counsel testified the State did not make any kind of a plea offer before the plea day and specifically stated there was never an offer for a 25-year sentence. *Id.* After summarizing Petitioner and trial counsel's testimony, the PCR

16

court found Petitioner's testimony was not credible, while trial counsel's testimony was credible. *Id.* Moreover, the PCR court found "plea counsel adequately conferred with the [Petitioner], conducted a proper investigation, and was thoroughly competent in her representation." *Id.*

The PCR court also found that Petitioner entered a free and voluntary guilty plea to the charges, which the plea record supports. *Id.* at 99. Specifically, the PCR court found Petitioner admitted his guilt to the plea judge, told him he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. *Id.* Additionally, the PCR court found that the plea court explained the negotiated plea to Petitioner and specifically indicated that he would give Petitioner a 60-year sentence if Petitioner accepted the negotiated plea. *Id.*

The undersigned finds that Petitioner cannot demonstrate that the PCR court or South Carolina Supreme Court unreasonably misapplied clearly established federal law in rejecting this claim, or that the PCR court made objectively unreasonable factual findings. A review of the guilty plea transcript and the testimony at the PCR hearing reveals that the PCR court's denial was fully supported by the record and was reasonable and therefore, it is entitled to deference here. Additionally, the PCR court found trial counsel's testimony to be credible and implicitly found Petitioner not to be credible. App. at 98. This credibility determination is also entitled to deference. *Wilson v. Ozmint,* 352 F.3d 847, 858-859 (4th Cir. 2003). Petitioner's argument that plea counsel failed to inform him that he faced a 60-year sentence fails to demonstrate that the PCR court unreasonably misapplied the *Strickland/Hill* test. Further, Petitioner has not clearly shown that the PCR court's credibility determinations were without support. *See Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments

unless its error is 'stark and clear.'") (quoting *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010) and *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)).  Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Grounds One and Four.

       3.  Appeal (Ground Two)

In Ground Two, Petitioner argues that "[t]he specific facts is that Ms. Rivers failed in that she did not argue that she wanted to get me 25 years." ECF No. 1 at 6. Respondent argues this Ground was raised within Ground One and exhausted in the PCR appeal. ECF No. 28 at 18. Further, Respondent maintains that trial counsel's testimony was determined to be credible by the PCR court. *Id.* at 18-19. Respondent also maintains that Petitioner pleaded to a "negotiated sentence" not merely a plea recommendation by the prosecution which offers additional support for the finding that trial counsel and others testified that a 25-year sentence was not discussed. *Id.* The undersigned finds that Petitioner, in Ground Two, reasserts claims already discussed in the previous section concerning Ineffective Assistance of Counsel. Therefore, it is unnecessary for the undersigned to reconsider Petitioner's assertions again here.

       4.  PCR (Ground Three)

In Ground Three, Petitioner maintains that his case was continued because the Public Defenders were not there, and prior to that, Mr. Harris did not have the file. ECF No. 1 at 8. Respondents maintain that Petitioner makes only a conclusory reference and challenges the procedures in the State PCR proceedings. ECF No. 28 at 19. Because Petitioner's allegations do not concern his underlying conviction, Respondent argues that the allegations are not a proper basis for habeas relief. *Id.*

The undersigned finds that habeas relief is not warranted even if Petitioner's allegations are true. *See Bryant v. State of Md.*, 848 F.2d 492, 493 (4th Cir. 1988) (recognizing a rule that "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief"). Additionally, a review of the record indicates that Petitioner's PCR proceeding subsequently went forward with all counsel present. App. 41-91. Furthermore, the PCR transcript demonstrates that time was allotted for PCR counsel Harris to obtain a copy of the public defender's files and review them. App. 89-91. Accordingly, the undersigned recommends that Respondent's Motion for Summary Judgment be granted as to Ground Three.

### 5. Supporting Documents and Right to an Appeal

Though the undersigned recommends dismissing Petitioner's arguments contained in Ground Five, ECF No. 11, out of an abundance of caution, the undersigned will address on the merits Petitioner's argument that he was denied his right to an appeal. This argument appeared in Petitioner's supporting documents and though Petitioner did not provide supporting facts for this Ground, it was also the title of Ground Two in his habeas Petition. On this issue, Respondent argues that Petitioner's plea was timely appealed—though it was later dismissed because no issues were preserved for appellate review. ECF No. 28 at 20-21.

Rule 203 of the South Carolina Appellate Court Rules concerns the Notice of Appeal. Under Rule 203(d)(1)(B)(iv), if a party is appealing a guilty plea, the notice of appeal must be accompanied by "a written explanation showing that there is an issue which can be reviewed on appeal." The record before the court indicates that Tonya Copeland Little filed an appeal on Petitioner's behalf. ECF No. 28-1. However, because no objections were lodged during Petitioner's guilty plea, no issues were preserved for appellate review. Therefore, Attorney Little wrote the South Carolina Court of Appeals on November 14, 2008, and indicated that she knew

19

of "no issue which can be reviewed on appeal." App. 28-1. Based on the letter, the Court of Appeals dismissed the appeal because Petitioner "failed to show how any issue was preserved for [appellate] review" and later issued a Remittitur. App. 28-2; 28-4.

The undersigned finds that habeas relief is not warranted because the Court of Appeals did not incorrectly apply federal law when evaluating Petitioner's Notice of Appeal or make a decision that was based on an unreasonable determination of the facts. Furthermore, the Court of Appeals applied a state appellate court rule to the facts of the case, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, this court cannot conclude that the State appellate court's determination on the issue was contrary to, or an unreasonable application of, clearly established federal law. Accordingly, the undersigned must recommend that Respondent's Motion for Summary Judgment be granted on Petitioner's allegation that he was denied his right to appeal.

IV.     Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 29, be GRANTED and the habeas Petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

September 30, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**